IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:                                             CASE NO.: 23-16706-PDR
                                                   CHAPTER 13
RALPH LEVI SANDERS, JR.

                Debtor.
_____/

**MOTION TO DISMISS CASE WITH
TWO-YEAR PREJUDICE PERIOD OR IN THE ALTERNATIVE
MOTION FOR PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY**

The Bank of New York Mellon, f/k/a The Bank of New York as successor in interest to JPMorgan Chase Bank, N.A. as Trustee for Bear Stearns Asset Backed Securities Trust 2006-SD2, Asset-Backed Certificates, Series 2006-SD2 ("Secured Creditor"), pursuant to 11 U.S.C. §§1307(C), 362(c), 362(d) and 105(a), moves to dismiss this case and impose a prejudice period of two years or, in the alternative, prospective relief from the automatic stay for the following reasons.

**BACKGROUND**

1.     The Debtor inappropriately seeks to avail himself of the bankruptcy protections and relief provided by Chapter 13 of the Bankruptcy Code. The Debtor is in active Chapter 13 case, which was filed on June 20, 2022, and identified by case number 22-14766-SMG ("Active Case"). The Active Case involves the same property and debt owed to Secured Creditor. Additionally, the instant case was filed on August 23, 2023, which was only 8 days before the judicial sale of the property at issue. Incidentally, Secured Creditor obtained relief from the automatic stay in the Active Case after the Debtor intended to mediate with and finally decided to treat Secured Creditor outside of the Plan. The stay relief order remained in place despite the Debtor's unsuccessful

attempt at appealing the order and Secured Creditor proceeded in due course with its foreclosure and judicial sale of the Property. The instant case was filed solely for the purpose of delaying the sale of the Property.

2. Furthermore, the instant case is the sixth case that prevented the sale of the Property. The timing of the Debtor's prior bankruptcy filings illustrates a scheme by the Debtor to hinder, delay and defraud the Secured Creditor. The state court foreclosure record and prior bankruptcy case record establish the same. Succinctly, when considering the totality of the circumstances, the instant bankruptcy proceeding should be dismissed because it was filed in bad faith. A two-year prejudice period should also be imposed, pursuant to 11 U.S.C. §105(a), due to the Debtor's lack of deference for the stay relief order and the attempt to circumvent the appellate process by the filing of the instant case. Additionally, cause exists for relief from the automatic stay and the Debtor's pattern of multiple bankruptcy case filings evincing a scheme to delay, hinder or defraud Secured Creditor that warrants prospective relief from the automatic stay for a two-year period as described in 11 U.S.C. §362(d)(4)(B).

## FACTUAL BACKGROUND

3. The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on August 23, 2023, commencing the instant proceeding. This is the Debtor's sixth bankruptcy case filing since entry of the final judgment in the pending foreclosure case.

4. On April 11, 2005, the Debtor executed a promissory note in favor of Wells Fargo Bank, N.A. and a mortgage securing payment of the promissory note regarding the following property:

**LOT 22, IN BLOCK 4, OF PLANTATION PARK 10TH ADDITION, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 55, AT PAGE 21, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.**

**AKA 561 SW 60 Ave., Plantation, FL 33317 ("Property")**.

5.  On October 29, 2013, the Broward County Circuit Court ("State Court") entered a Final Judgment in the amount of $358,966.08 in favor of Movant and against the Debtor with respect to the Property.  A copy of the Final Judgment is attached hereto as Exhibit "A."

6.  In total, the Debtor has filed six bankruptcy cases since 2014, inclusive of the instant case:

**Clerk's Evidence of Repeat Filings for debtor SANDERS, RALPH LEVI, JR. Case Number 22-14766 , Chapter 13 filed in Florida Southern on 06/20/2022 is Pending; Case Number 19-24331 , Chapter 13 filed in Florida Southern on 10/25/2019 was Closed on 11/24/2021 was Dismissed on 09/15/2021; Case Number 18-12969 , Chapter 13 filed in Florida Southern on 03/14/2018 was Closed on 08/27/2019 was Dismissed on 05/16/2019; Case Number 17-19141 , Chapter 13 filed in Florida Southern on 07/20/2017 was Closed on 03/26/2018 was Dismissed on 11/30/2017. (Clerk's Evidence of Repeat Filings, Docket, August 24, 2023)**.[1]

7.  After entry of the Final Judgment, the State Court set the sale of the Property for February 6, 2014.  The Debtor filed his first bankruptcy case on January 29, 2014, Case Number 14-12147-JKO ("First Case").  The First Case was voluntarily dismissed on January 30, 2017.

8.  After dismissal of the First Case, the State Court reset the sale of the Property to July 25, 2017.  The Debtor filed his second bankruptcy case on July 20, 2017, 17-19141-RBR ("Second Case").  The Second Case was dismissed on November 30, 2017.

---

[1] The Debtor also filed case number 14-12147-JKO on January 29, 2014.  The case was dismissed on January 30, 2017.

9. After dismissal of the Second Case, the State Court reset the sale of the Property to March 20, 2018. The Debtor filed his third bankruptcy case on March 14, 2018, 18-12969-JKO ("Third Case"). The Third Case was dismissed on May 16, 2019.

10. After dismissal of the Third Case, the State Court reset the sale of the Property to October 29, 2019. The Debtor filed his fourth bankruptcy case on October 25, 2019, 19-24331-PDR ("Fourth Case"). The Fourth Case was dismissed on September 15, 2021.

11. After dismissal of the Fourth Case, the state court counsel for Movant filed an Amended Motion to Reschedule the sale on June 3, 2022. The Debtor filed his fifth bankruptcy case on June 20, 2022, 22-14766-SMG, which is the Active Case. An order granting Movant relief from the automatic stay was entered on December 13, 2022.

12. After entry of the relief order, the state court reset the sale of the Property to August 31, 2023. The Debtor filed the instant bankruptcy case, which is his sixth bankruptcy filing since entry of the Final Judgment.

13. In the Active Case, the Debtor's initial Plan and First Amended Plan first sought to mediate with Secured Creditor under the Court's Mortgage Modification Mediation Program.

14. The Debtor then amended the Plan to treat Secured Creditor directly outside of the bankruptcy. The Third Amended Plan providing for direct treatment of Secured Creditor's claim on the Property was confirmed on December 12, 2022.

15. The Order Confirming Plan provided relief from the automatic stay as to Secured Creditor due to the Debtor's treatment. In addition, Creditor obtained relief from the automatic stay by separate Court order on December 13, 2022.

16. On December 27, 2022, the Debtor filed a Notice of Appeal of the relief order to the Southern District of Florida District Court.

17. On January 13, 2023, the Court entered its Order Dismissing Bankruptcy Appeal.

18. As stated above, the State Court reset the sale of the Property to August 31, 2023.

19. The instant case again prevented the sale of the Property.

20. The Debtor has failed to file Schedules or a Plan as of the date of this Motion. Due to the timing of the filing of the instant case, a reasonable inference can be made that the Debtor only filed the instant case to force the Clerk of the State Court to stop the sale of the Property.

21. The Active Case and the instant case involve the same debt and the Property subject to sale.

### ARGUMENT

**I. *The Instant Case Violates the Single Estate Rule***

22. The facts of the instant case are akin to the facts in *In re Gilles*, 641 B.R. 255 (Bankr. S.D. Fla. 2022).

23. In *In re Gilles*, the debtor filed a Chapter 13 petition, which ultimately resulted in the confirmation of her Plan. *Id.* at 257.

24. The debtor became delinquent in the Plan payments and a dismissal of the initial case was forthcoming. *Id.*

25. Prior to dismissal of the case, however, the debtor filed another Chapter 13 petition and sought to extend the stay. *Id.*

26. The Court reiterated the principle of the single estate rule, which prohibits two simultaneous bankruptcy cases, if the result is that the same property become assets of the two cases at the same time. *Id.* at 259 ("To refine the application of this principle, bankruptcy courts in this circuit apply the "single estate rule" for the proposition that two cases concerning the same debtor cannot be open simultaneously if they result in the same property becoming an asset of both

bankruptcy estates at the same time. "); citing, *In re Sanchez-Dobazo*, 343 B.R. 742, 744-46 (Bankr. S.D. Fla. 2006).

27. The Court ultimately found that the second case violated the single estate rule, although it did not outright indicate a bad faith filing because the subsequent case was filed before dismissal of the initial case. Nevertheless, the case was primed to be dismissed. *Id.* at 260.

28. While the facts of the instant case are indeed violative of the single estate rule because it involves the same Property in both estates and should be dismissed on that basis alone, they are distinguishable in one specific way; namely, the Debtor only filed the instant case to stop the foreclosure of the Property.

29. As discussed below, the totality of the circumstances warrants a dismissal of the instant case not only because it violates the single estate rule but also due to bad faith.

**II.** *The Instant Case Should be Dismissed for Bad Faith*

30. It is well settled in the Eleventh Circuit that a debtor's good faith in the filing of a petition is determined on a case-by-case basis, considering the totality of the circumstances. *In re Kitchens,* 702 F.2d 885, 888 (11th Cir. 1983); *Gen. Lending Corp. v. Cancio,* 578 Fed. Appx. 832, 834-835 (11th Cir. 2014).

31. The Eleventh Circuit prescribed the following non-exhaustive list of factors for consideration of bad faith in *In re Kitchens:* (1) the amount of the debtors income from all sources; (2) the living expenses of the debtor and his dependents; (3) the amount of attorney's fees; (4) the probable or expected duration of the debtor's Chapter 13 plan; (5) the motivations of the debtor and his sincerity in seeking relief under the provisions of the Chapter 13; (6) the debtor's degree of effort; (7) the debtor's ability to earn and the likelihood of fluctuation in his earnings; (8) special circumstances such as inordinate medical expense; (9) the frequency with which the

debtor has sought relief under the Bankruptcy Reform Act and its predecessors; (10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors; and (11) the burden which the plan's administration would place on the trustee. *In re Kitchens,* 702 F.2d 885 (11th Cir. 1983); 11 U.S.C. §1325(a)(3).

32. Here, the Debtor's timing in filing the instant petition, the prior bankruptcy filings and the failure to file Schedules, or a Plan reveal bad faith as well as motivation not to effectively reorganize finances but to delay, hinder and defraud Secured Creditor.

33. The Debtor has shown an inability to pay the amount due to Secured Creditor since entry of the Final Judgment almost 10 years from the date of filing of the instant case.

34. In addition, it is apparent based on the prior dismissals and actions taken in the prior cases that the Debtor's income is insufficient to support any ability to pay the debt owed to Secured Creditor, notwithstanding the instant case being subject to dismissal for the reasons stated above.

35. Bad faith is also shown by the dismissal of the appeal in the Active Case and the Debtor's seeming attempt at an end-run around the appellate process by the filing of the instant case after an unsuccessful appeal of the relief order in the Active Case.

36. With respect to timing, the instant case, similar to the 5 previous cases, was filed closed in proximity to the sale of the Property, which this Court authorized Secured Creditor to complete. The Debtor filed the instant case to confuse the proceedings in State Court, ostensibly, knowing that he had no intention of moving forward in good faith.

37. Also, the Final Judgment was entered in 2013 and but for certain disbursements from the Chapter 13 Trustee, the default has not been cured.

38. Succinctly, the record reflects this case is proceeding in bad faith and must be dismissed.

39. Due to the amount of prior filings, as well as the timing of the prior filings, Secured Creditor respectfully requests that this Court dismiss the case and find cause for dismissal with a prejudice period of two years per the Court's inherent power under 11 U.S.C. §105 (a).

### III. *Secured Creditor is also Entitled to Relief under 11 U.S.C. §362(d)(4)*

40. In the alternative, Secured Creditor is entitled to prospective relief from the automatic stay.

41. 11 U.S.C. §362(d)(4)(B) states:

**(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay**

**(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds** that **the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—**

**(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or**

**(B) multiple bankruptcy filings affecting such real property.**

42. As indicated by each of the multiple bankruptcy filings ending in dismissal or relief being granted, the filings have been filed in bad faith.

43. The instant proceeding represents the sixth bankruptcy filing by this Debtor. Each of the past filings were strategically timed to delay and hinder Secured Creditor in exercising its state court rights against the Property.

44. The Debtor attempts to invoke the automatic stay with the same strategy to again stay the foreclosure and further prevent Secured Creditor from pursuing its remedies in state court. These bankruptcy filings are improper and are exactly the type of filings that Congress intended to prevent when it enacted 11 U.S.C. 362 §362(d)(4).

45. Furthermore, Secured Creditor was rightfully operating under the stay relief order entered in the Active Case when the Debtor filed the instant case. Secured Creditor is not receiving payments to protect against the erosion of its security interest in the Property and if it is not permitted to enforce its security interest in the Property, it will suffer irreparable injury, loss, and damage.

46. When considering the record of active litigant participation in the State Court and bankruptcy court forums, the timing of those actions, including the pattern of multiple bankruptcy filings, it is clear that the Debtor has engaged in a scheme to delay, hinder or defraud Secured Creditor and prevent it from proceeding in state court against the Property.

47. Accordingly, Cause exists for stay relief and a two-year period of prospective relief is appropriate.

**WHEREFORE**, Secured Creditor respectfully requests the Court enter an order:

a. dismissing the instant case with a prejudice period of two (2) years and preventing any future filing from affecting the sale of the Property;

b. terminating the automatic stay as to the Property for a period of two years, pursuant to 11 U.S.C. §362(d)(4)(B);

c. permitting Movant to take any and all steps necessary to exercise any and all rights it may have in the Property described herein;

d. allowing Movant to gain possession of the Property;

e. waiving the 14-day stay, pursuant to Rule 4001(a)(3); and

f. granting such other relief that the Court may deem just and proper.

*/s/Gavin N. Stewart*
Gavin N. Stewart, Esquire
Florida Bar Number 52899

                                                    P.O. Box 5703
                                                    Clearwater, FL 33758
                                                    P: (727) 565-2653
                                                    F: (727) 213-9022
                                                    E: bk@stewartlegalgroup.com
                                                    Counsel for Secured Creditor

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served by CM/ECF notice and first class mail this 1st day of September 2023.

                                                      */s/ Gavin N. Stewart*
                                                      Gavin N. Stewart, Esquire

**VIA FIRST CLASS MAIL**
Ralph Levi Sanders, Jr.
561 SW 60TH Avenue
Plantation, FL 33317

**VIA CM/ECF NOTICE**
Robin R. Weiner, Chapter 13 Trustee
Post Office Box 559007
Fort Lauderdale, FL 33355

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130