```
1                    UNITED STATES BANKRUPTCY COURT
                  FOR THE SOUTHERN DISTRICT OF FLORIDA
2                       FORT LAUDERDALE DIVISION

3    IN THE MATTER OF                )
                                     )
4    RALPH LEVI SANDERS, JR.         )
                                     )  CASE NO. 23-16706-PDR
5                                    )  CHAPTER 13
              DEBTOR                 )
6

7

8

9                       MOTION TO DISMISS CASE
                      THURSDAY, OCTOBER 5, 2023
10                           10:00 A.M.

11

12

13   B E F O R E:

14   HON.   PETER D. RUSSIN
     U.S.   BANKRUPTCY JUDGE
15

16

17

18

19

20

21

22   Proceedings recorded by electronic sound recording;
     transcript produced by transcription service.
23

24

25
```

1

2  A P P E A R A N C E S:

3   For the Debtor:                    RALPH LEVI SANDERS, JR.,
                                       PRO SE
4
    For the Bank of New York           PETER KELLY, ESQ.
5   Mellon:                            GHIDOTTI BERGER LLP
                                       1031 N.  Miami Beach Boulevard
6                                      North Miami Beach, FL 33162
                                       (949) 427-2010
7
    For the Chapter 13 Trustee:        PAUL S. VISNOVSKE, ESQ.
8                                      Robin Weiner, Chapter 13
                                       Trustee
9                                      P.O. Box 559007
                                       Fort Lauderdale, FL 33355
10                                     (954) 382-2001

11  COURT RECORDER:                    M.W.
                                       COURTROOM ADMINISTRATOR
12
    TRANSCRIPTION SERVICE:             ACORN TRANSCRIPTS, LLC
13                                     3572 Acorn Street
                                       North Port, FL  35286
14                                     (800) 750-5747
                                       www.acornfla.com
15

16

17

18

19

20

21

22

23

24

25

1                          C A L E N D A R

2
    HEARING ON MOTION TO DISMISS CASE (DOC #13)
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S

 2               (Proceedings commence at 11:00 a.m.)

 3               THE CLERK:  Good morning.  The United States

 4     Bankruptcy Court for the Southern District of Florida is now in

 5     session.  The Honorable Peter D. Russin is presiding.

 6               THE COURT:  Good morning, everybody.  Have a seat.

 7     All right.  I would like to call the pro se matter.  Mr.

 8     Sanders' matter first.  Is Mr. Sanders here?  I thought Mr.

 9     Sanders had been here.  No?

10               THE CLERK:  Yes, he's there.

11               THE COURT:  Where?

12               THE CLERK:  Mr. Sanders?

13               THE COURT:  Mr. Sanders?  Okay.  Let me call Ralph

14     Levi Sanders, Jr., 23-16706.

15               Mr. Kelly, you can go ahead and make your appearance

16     on Zoom.

17               MR. KELLY:  Thank you, Your Honor.  Peter Kelly, K-E-

18     L-L-Y, appearing on behalf of the movant, Bank of New York

19     Mellon.  And thank you for the opportunity to appear via Zoom.

20               THE COURT:  No problem.  Mr. Visnovske, your

21     appearance please.

22               MR. VISNOVSKE:  Good morning.  Excuse me.  Good

23     morning, Your Honor.  Paul Visnovske on behalf of the Chapter

24     13 trustee.

25               THE COURT:  You have to spell your last name.

                  Oh, V as in Victor, I-S-N-O-V-S-K-E.  I apologize.
```

1    It's been a while since I've been on the court hearings.

2              THE COURT:  Yeah, that's okay.  No worries.

3              All right.  So, Mr. Sanders, can you make your

4    appearance as well?  Just state your name and spell your last

5    name please.

6              MR. SANDERS:  Ralph Sanders.  R-A-L-P-H, Sanders, S-

7    A-N-D-E-R-S.

8              THE COURT:  Thank you.  All right.  So this is the

9    motion to dismiss by Mr. Kelly.  Mr. Kelly, my understanding is

10   that you are seeking stay relief with a two-year bar.  So tell

11   me about that.

12             MR. KELLY:  So, yes, and I guess just to clarify,

13   seeking either dismissal with prejudice for an extended period

     or stay relief as an alternative with respect to my client.

14   But basically we have, I guess, a number of considerations

15   here.

16             First of all, my client obtained a judgment back in

17   2013 in the amount of $358,000 dollars for pursuit of

18   foreclosure.  Since that entry of that judgment, the debtor has

19   filed six bankruptcy cases, including the instant case, each of

20   which have been timed really on the verge of foreclosure sales

21   and other activity post-judgment, and have delayed the ability

22   to effectuate that judgment and sell the subject property.

23             Over the course of these six cases, the total debt

24   has increased from that $358,000 to the claim that was filed in

25   the last case or the previous case, which remains a pending

1    case.  And I'll get to that.  The claim is $477,000 in that

2    case.  So there has been a continuous growth of this debt.

3          The tax values -- assessor's value for this property

4    shows approximately $400,000 so I don't believe there's any

5    equity here.  And when we look at the actual case filings, as

6    we laid out in the motion, each of those six bankruptcy cases

7    were filed after the entry of judgment, and I believe each of

8    them were filed shortly before scheduled foreclosure sales

9    caused those sales to be canceled.  When the bankruptcy cases

10   were dismissed or otherwise with respect to number -- case

11   number five, stay relief granted, our client moved forward to

12   set foreclosure sales.  And again, each time they've been

13   frustrated by the debtor's bankruptcy filings.

14         Focusing on the case number five, which is still a

15   pending case, which is Case Number 22-14766 before Judge

16   Grossman, in that bankruptcy case, we obtained an order of stay

17   relief.  The debtor confirmed a plan that provides for this

18   particular claim and property to be treated outside of the

19   plan.  Debtor appealed the stay relief order.  That appeal was

     dismissed.

20         And while that case remains pending under a confirmed

21   plan, foreclosure sale set pursuant to stay relief, and the

22   debtor filed the instant plan again.  Or excuse me, the instant

23   case, while the previous case remains pending, causing again

24   the foreclosure sale to be stopped by virtue of a new

25   bankruptcy filing.

1

2          So when we look at the totality of circumstances, I

3    think we have here a record that reflects the debtor's

4    intention to delay, hinder, or defraud this creditor with

5    respect to the prospective stay relief provisions under

6    364(d)(4)(B).  But we also have a totality of circumstances

     that reflects cause, we believe, to dismiss this case.

7          To take just a brief moment with respect to the

8    pending case, case number five, and the instant filing, we

9    believe that that violates the single estate rule, that I know

10   the Court has entered opinions on, and describing what the

11   issues are with that particular problem where you have a

12   confirmed plan in the previous case.  We now have a debtor

13   proposing yet another plan that when we look into it, I don't

14   think is confirmable.  It's just essentially zeros across the

     board.

15         But all of that appears simply to be an end round

16   around what would have otherwise been multi-filer provisions

17   under Code Section 362(c), where if the debtor had dismissed

18   case number five and had needed to move forward with this case,

19   we would have a statutory presumption of bad faith.  We would

20   have effect with respect to the automatic stay.  And that's

21   been circumvented by the fact that the debtor has filed a case,

22   this instant matter, before Your Honor, while the previous case

23   still remains pending and treats the debtor's estate.

24         THE COURT:  So what could this debtor have done

25   procedurally with this case pending -- with his existing case

1   pending and on appeal?  Would he be able to go back?  That case
2   confirmation was denied, correct?
3           MR. KELLY:  No, they -- in the immediately preceding
4   case, case number five in the chronological order, the case
5   before Judge Grossman, remains an active case.  That case
6   involves a confirmed plan.  That remains pending before Judge
7   Grossman.
8           THE COURT:  So really the debtor's simply required to
9   be making payments under that plan?
10          MR. KELLY:  Correct.
11          THE COURT:  And is not doing so?
12          MR. KELLY:  Well, to be honest, I don't know whether
13  -- the status with respect to payments there because ultimately
14  through that confirmation process and the separate stay relief
15  order to my client, it's not providing payments towards this
    particular debt.  So we're outside of that plan.
16          THE COURT:  So you're outside of that plan?
17          MR. KELLY:  We moved for --
18          THE COURT:  Okay.  And you obtained stay relief and
19  that's what's on appeal?
20          MR. KELLY:  That had been appealed by the debtor, but
21  that appeal was dismissed.
22          THE COURT:  I see, so there's --
23          MR. KELLY:  And so there is no pending appeal.  That
24  order of stay relief is final pursuant to which my client moved
25  forward with resetting yet another foreclosure sale to try to

1   conclude the state court remedies.  During the pending status

2   of the case before Judge Grossman, the debtor filed this

3   instant case, again, several days before foreclosure sale of

4   the subject property while --

5            THE COURT:  And you cited -- did you cite *In re* --

6   you cited *In re Giles*, right?

7            MR. KELLY:  I believe so.  Yes.  I wasn't sure how to

8   pronounce that last name, but yes, we did with respect to the

9   single estate rule and aspects of the filing of a second case,

10  while the debtor remains an active debtor in a pending

11  bankruptcy with a confirmed plan.

12           THE COURT:  Yeah.

13           MR. KELLY:  And those issues, they go beyond my

14  client.  There are issues, obviously, with respect to unsecured

15  debt, other creditors of the debtor, various other aspects of

16  things that are being treated in the preceding case that the

17  only thing that ensues from a subsequent filing is confusion

18  and issues over multiple estates trying to be treated at the

    same time.

19           THE COURT:  Remind me what was the holding in *Giles*?

20  I'm just not able to -- I'm looking for the case, but I just

21  can't find it, even though I should know it, but remind me of

22  the holding.

23           MR. KELLY:  My best recollection was that the case

24  was not dismissed for bad faith although the court found that

25  that may exist, but it was not before the court.  I believe the

1   court ruled that the case could not proceed -- the second case

2   could not proceed because it violated the single estate rule.

3           And the court in that opinion did discuss the sort of

4   end around with respect to the multi-filer decisions or

5   provisions of 362(c), which I think are present here, although

6   I don't think the court had to necessarily reach that final

7   result, although it alluded to that being part of a separate

8   bad faith component.  But it, I believe, denied the debtor's --

9   if I remember correctly, denied the debtor's ability to move

10  forward by virtue of the single estate rule violation.

11          THE COURT:  So what the debtor could have done here

12  is go back to the case that's currently pending, seek to amend

13  the plan, I suppose to include you, not that that would be

14  confirmed or anything but it's not to file a new case.  It's to

15  stick with the pending case, modify the plan, or seek other

16  remedies within that case, not to file a new one.

17          MR. KELLY:  Correct, including potential dismissal of

18  that case to file a new case and treat everybody anew in terms

19  of creditors of the estate.  But that's where it does get into

20  the multi-filer rules, because then there would be a dismissal

21  within a one-year period prior to this instant case.

22          And the debtor has taken an avenue that avoids the

23  effect of those multi-filer provisions by filing a second case.

24  So I see it as a sort of an extension of that -- of the single

25  estate rule that comes into play with individual debtors

    because there is no presumption of bad faith here that would

1   otherwise exist, had the prior case been dismissed and a new

2   case filed.  But we believe the totality of the circumstances

3   does justify cause for dismissal as well and reflects bad

4   faith.

5           THE COURT:  And you're not seeking in rem relief?

6   And you have not sought in rem relief, is that right?

7           MR. KELLY:  So in the instant case, there is a -- an

8   additional provision requesting the prospective stay relief

9   that, by my understanding implies stay relief here, but it's --

10          THE COURT:  Yeah, but stay relief in rem with respect

11  to the property?

12          MR. KELLY:  Correct.  The --

13          THE COURT:  Have you sought that?

14          MR. KELLY:  So to the extent that the -- I'm sorry?

        THE COURT:  I'm just asking if you have sought that.

15          MR. KELLY:  So that, I would put forth the instant

16  motion as seeking that as an alternate relief to dismissal.

17          THE COURT:  Okay.  All right.

18          Mr. Visnovske, what's happening in the pending case?

19  Do you know?

20          MR. VISNOVSKE:  So we did conduct the initial 341.

21  We then --

22          THE COURT:  Not this.  I'm sorry.  Not this case.

23  The other pending case in front of Judge Grossman.

24          MR. VISNOVSKE:  Okay.  So that case, the debtor is

25  traveling under a confirmed amended plan.  As Mr. Kelly noted,

1    he is paying his client directly in that plan.  So it's not

2    part of the plan itself.  And he is current with his plan

3    payments.

4             THE COURT:  Oh.  So that case is continuing and he's

5    current and he's -- okay.

6             So would you agree with me then, then the remedy

7    here, if there is one, for Mr. Sanders is to actually work

8    within that case and seek to amend the plan to include Mr.

9    Kelly's client?  Again, not to say that that would be

10   successful, but that you can't file a second case.  That's how

11   you have to -- that's how you would have to deal with a

12   situation like this.

13            MR. VISNOVSKE:  Exactly, Your Honor.  We -- the

14   trustee believes that this case should be dismissed.

15            THE COURT:  Okay.  Understood.

16            All right.  Mr. Sanders, your turn.

17            MR. SANDERS:  Okay.  Minor things.  Start up with

18   Mr. Kelly who is not registered for this case.  So I'd like to

19   have his presence and material remove -- removed.  This has

     happened once before.

20            THE COURT:  He's not registered.  He's made an

21   appearance and he filed a motion.  What is unregistered about

22   Mr. Kelly?

23            MR. SANDERS:  Okay.  Because I know that was an issue

24   in a case to -- in 2019 where Mr. Kelly had to register.  But

25   insofar as they have not expressed, nor have I operated in bad

1  faith.  They just say, yeah, he keeps fighting.  But nothing
2  they have stated has been in bad faith.
3          THE COURT:  Okay.
4          MR. SANDERS:  That's the purpose of what the --
5          THE COURT:  Well, I think what they're saying, Mr.
6  Sanders, is that how they define bad faith and how many cases
7  define bad faith is if you were to have filed -- you filed this
8  case while you had another Chapter 13 case pending in which you
9  are performing in that case even.  And by filing this, and the
10 reason you filed this case --
11         MR. SANDERS:  And I --
12         THE COURT:  -- is because you want it -- hold on.
13 You wanted to stop the foreclosure sale of the property that's
   being treated outside the plan of your other case.  That's
14 number one.  That is a pattern, that there's a pattern that you
15 have done so five other times.
16         MR. SANDERS:  Okay.
17         THE COURT:  And this would be the sixth, and that
18 that -- they're -- I think that they're essentially describing
19 that as a scheme to hinder, delay, and defraud Mr. Kelly's
20 client by preventing Mr. Kelly's client from doing that which
21 Mr. Kelly's client has a legal right to do, which is to pursue
22 foreclosure of the real property.
23         MR. SANDERS:  They may not have that legal right.
24         THE COURT:  Who says they don't?  Mr. -- Judge
25 Grossman granted them that right.

1

2          MR. SANDERS:  Fidelity National Title Insurance

Company.  I submitted their paperwork in my filing.  One of the

3   issues for any transactions or sales of property, both parties

4   must have title insurance, as per Fidelity and per state --

5   federal and state actions.  What, all of this time, the past

6   two or three -- well actually three cases was my -- there was

7   missing lav (phonetic).  I didn't know what caused it.  Didn't

8   have any idea where it came -- how it became missing.

9          This year, starting in March of 2023, City of

10  Plantation has put the records out for public display.  Part of

11  that public display explained how they -- how the

12  miscellaneous --

13         THE COURT:  Mr. Sanders, that goes -- the arguments

14  you're making now are not arguments that I can consider because

    they're arguments that you did or could have raised in the

15  state court foreclosure action as a defense to the foreclosure

16  case.

17         MR. SANDERS:  Well, at the time --

18         THE COURT:  The foreclosure -- state court

19  foreclosure court entered a judgment.  So, therefore, I am not

20  a reviewing court of that judgment.

21         THE COURT:  Okay.

22         THE COURT:  I'm not an appellate court and I cannot

23  look beyond what the state court has already done.  So that is

24  not an argument you can make before me because it's a defense

25  to the foreclosure in the first instance.  So --

1          MR. SANDERS:  I understand.

2          THE COURT:  -- I've heard what you've said.  I'm

3    trying to give you every opportunity, but unfortunately, it's

4    very --

5          MR. SANDERS:  It was -- we were in negotiation.

6          THE COURT:  That's also not an option to do what

7    you've done.  Just because you're in negotiation does not

8    justify filing a bankruptcy case when you already have a

9    Chapter 13 pending, for the sole purpose of stopping a

10   foreclosure case here or foreclosure sale in the state court,

11   by filing here.  And it also is indicative of your -- of the

12   pattern that seems to exist from 2014 until now, where you have

13   filed six cases for that purpose.

14          So I'm going to grant the Bank of New York's motion

15   to dismiss.  Mr. Kelly, I'm going to provide the in rem relief,

16   meaning that should another case be filed, use the language in

17   the statute that states that any such case, the stay in that

18   case will not impact your rights with respect to the property

19   itself.  All right?

20          It's -- I don't have a choice, frankly, Mr. Sanders,

21   because under *In re Giles* and other cases, you cannot have two

22   cases pending.

23          MR. SANDERS:  Okay.

24          THE COURT:  You can only have one.  So unfortunately

25   this case needs to be dismissed and it will be dismissed.  And

     I'm granting interim stay relief with respect to the property.

1    Okay?

2            MR. SANDERS:  May I have -- okay.  How long do I have

3    to file an appeal?

4            THE COURT:  I can't give legal advice.  The rules are

5    fairly clear.

6            MR. SANDERS:  Okay.  I understand -- okay.

7            THE COURT:  But you should check on the rules.  And

8    of course, that's absolutely your right to file an appeal.  And

9    I wish you the best.  All right?

10           MR. SANDERS:  May I be granted to permit -- with the

11   Court's permission, may an order say that I have to apply to

12   the Court for Chapter 7 because my finances are gone?

13           THE COURT:  Oh, I think that you have that right, but

14   you would do that in the pending case, 22-14766.  You would not

     do that in this case.

15           MR. SANDERS:  Oh.

16           THE COURT:  In other words, you have a pending

17   Chapter 13.  If you wanted to convert that Chapter 13 case to a

18   Chapter 7, that's where you would need to do that.  Whether you

19   can do that or not, I'm not --

20           MR. SANDERS:  But the property was removed from that

21   case.

22           THE COURT:  I understand, but that doesn't --

23           MR. SANDERS:  Okay.

24           THE COURT:  -- in a Chapter 7, it would be included.

25   All of your property is included in a Chapter 7.  So that's all

1    I can tell you.  All right, Mr. Sanders?  Thank you.

2             MR. SANDERS:  Okay.  Thank you.

3             THE COURT:  All right.  All right.  Anything else in

4    this case?

5             MR. KELLY:  Your Honor?  Just very, very quickly,

6    just to clarify something on the record.  I don't think it

7    changes any of the Court's decision, but to reference what Mr.

8    Sanders had mentioned at the outside of his discussion, in

9    2019, he'd raised concerns for me appearing as coverage counsel

10   and requested that I follow --

11            THE COURT:  I'm not giving that any -- you're

12   appearing before me often.  You are admitted to practice before

13   this Court.  You've complied with the local rules, correct?

14            MR. KELLY:  Yes, I --

15            THE COURT:  In terms of admission?

16            MR. KELLY:  Yes, as far as admission, yes.  And what

17   I was going to say is I'm happy to file a limited appearance

18   reflecting my coverage counsel if that's --

19            MR. SANDERS:  But the defendant in this case is

20   different from the prior case.  I mean, the debtor.

21            THE COURT:  Well, if you feel you need to file an

22   appearance, you can do so, Mr. Kelly.  But I have no issue with

23   you appearing before me today and arguing this matter.  All

24   right?

25            MR. KELLY:  Thank you.

        (WHEREUPON, proceedings were concluded)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

R U L I N G S

PAGE

HEARING ON MOTION TO DISMISS CASE (DOC #13)
 -    GRANTED                                              15

1                    C E R T I F I C A T I O N

2            I, Nancy B. Gardelli for Acorn Transcripts, LLC., a

3    federally approved transcription service, hereby certify that

4    the foregoing is a correct transcript, to the best of my

5    ability, from the official electronic sound recording of the

6    proceedings in the above-entitled matter.

7

8    /s/  *Nancy B. Gardelli*        DATE:  October 23, 2023

9    Acorn Transcripts, LLC

10   3572 Acorn Street

11   North Port, FL  34286

12

13

14

15

16

17

18

19

20

21

22

23

24

25